UNITED STATES of America,
Plaintiff–Appellee,

v.

John Henry RAFTOPOULOS,
Defendant–Appellant.

No. 13–12703
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 25, 2014.

Michelle Thresher Taylor, Robert E. O'Neill, Joseph Michael Schuster, U.S. Attorney's Office, Orlando, FL, for Plaintiff–Appellee.

Tim Bower Rodriguez, Tim Bower Rodriguez, PA, Tampa, FL, for Defendant–Appellant.

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

John Raftopoulos appeals his sentence of 120 months imprisonment, following his plea of guilty to robbery of a bank using force and violence or intimidation. See 18 U.S.C. § 2113(a). Raftopoulos argues that his sentence is unreasonable. We affirm.

Raftopoulos, a career offender, walked into a bank in Palm Beach, Florida, with a black pouch strapped to his body and passed a note to a teller that stated as follows: "I AM WILLING TO DIE FOR THIS MONEY. ARE YOU. ALL THE MONEY—STACK! NO DYE PACK-TRANSMITTER." With money in hand, Raftopoulos glanced at the teller and patted his black pouch. Raftopoulos had a criminal history of VI that included prior convictions for bank robbery and possession by a felon of a firearm equipped with a silencer. Raftopoulos blamed his crimes on various addictions, but the district court found that he had a "pattern of criminal conduct [beginning at age 14 that] [was] interrupted primarily by time in prison."

The district court reasonably determined that a sentence at the low end of Raftopoulos's advisory guideline range of 120 to 150 months of imprisonment was necessary to address his crime; his lack of respect for the law; his history of offenses involving "force and violence"; and to prevent him from committing future similar crimes that endangered the public. See *United States v. Talley*, 431 F.3d 784, 788 (11th Cir.2005). Moreover, Raftopoulos faced a maximum statutory penalty of 20 years, but was incorrectly assigned an offense level of 29 instead of an offense level of 32, *see* United States Sentencing Guidelines Manual § 4B1.1(b) (Nov. 2012), which would have resulted in a guidelines range between 151 and 188 months of imprisonment, id. ch. 5, pt. A. The district court did not abuse its discretion in imposing a sentence of 120 months, which is well below the statutory maximum penalty for Raftopoulos's offense. See *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We **AFFIRM** Raftopoulos's sentence.